UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
RAYMOND FIGUEROA,

Plaintiff,

<b><u>ORDER</u></b>

- against -

04-CV-2553 (DRH) (MLO)

NEW YORK STATE, COUNTY OF SUFFOLK,
MR. HAMALTON, WILLIAM MALDONADO,
JAMES WALKER, MR. SMITH, FIFTH PRECIN[C]T,
THOMAS SPOTA, DISTRICT ATTORNEY'S
OFFICE, LEGAL AID SOCIETY, JOHN SCHICK,
MICHAEL AHERN, MR. VALASQUEZ, HARRY
TILIS, CHRISTOPHER J. CASSAR, [and] SUFFOLK
COUNTY CORRECTIONAL FACILITY, THOMAS
MURPHY, WARDEN,

Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
**A P P E A R A N C E S :**

**RAYMOND FIGUEROA,**
Plaintiff Pro Se
No. 05A1068
Sing Sing Correctional
354 Hunter Street
Ossining, New York 10562

**ELIOT SPITZER**
**ATTORNEY GENERAL OF THE STATE OF NEW YORK**
Attorney for Defendant State of New York
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By: Susan M. Connolly, Assistant Attorney General

**CANTOR, EPSTEIN & DEGENSHEIN, LLP**
Attorneys for Defendants Legal Aid Society, John Schick, Michael Ahern and Victor Valasquez
49 West 37th Street, 7th Floor
New York, New York 10018
By: Robert I. Cantor, Esq.

**TILIS & LAKE**
Attorney for Defendant Harry Tilis
80 Orville Drive, Suite 100

Bohemia, New York 11716
By: Harry Tilis, Pro Se

**CHRISTOPHER J. CASSAR, P.C.**
Attorney for Christopher J. Cassar
13 East Carver Street
Huntington, New York 11743
By: Christopher J. Cassar, Pro Se

**HURLEY, District Judge:**

### *INTRODUCTION*

Plaintiff Raymond Figueroa ("Plaintiff") has brought a claim under 42 U.S.C. §

1983 ("Section 1983") against the State of New York, Mr. Hamalton, William Maldonado,

James Walker, Mr. Smith, Fifth Precinct, Thomas Spota, District Attorney's Office, the Suffolk

County Legal Aid Society ("Legal Aid") and three attorneys employed by Legal Aid, to wit,

John Schick ("Schick"), Michael Ahern ("Ahern"), and Victor Valasquez ("Valasquez")

(collectively, the "Legal Aid Defendants"), Harry Tilis ("Tilis"), Christopher J. Cassar

("Cassar") and the Suffolk County Correctional Facility, Thomas Murphy, Warden (collectively,

"Defendants"). Presently before the Court are four motions to dismiss the Complaint pursuant to

Federal Rule of Civil Procedure ("Rule") 12(b)(6) by: (1) the State of New York; (2) Legal Aid,

Schick, Ahern, and Valasquez; (3) Tilis; and (4) Cassar. For the reasons discussed below, the

motions are GRANTED in their entirety.

### *BACKGROUND*

According to Plaintiff's Complaint, Plaintiff was arrested and arraigned in

November 2003 for possession of drugs. (Compl. ¶ 1.) He was later released on his own

recognizance. (*Id.*) In December 2003, he was again arrested and arraigned on a drug charge.

(*Id.*) He made a number of appearances before the County Court, Suffolk County through

several different attorneys and made multiple requests to have his attorneys discharged, some, if not all, of which were granted. (*Id.* ¶¶ 3-6.) Plaintiff now asserts claims against all of the attorneys who represented him for alleged constitutional violations. He also asserts that he has been mistreated in jail and that the judicial system is "corrupt" and that "no lawyer will fight for me." (*Id.* ¶ 7.)

## *DISCUSSION*

### I.  *Motion to Dismiss: Legal Standards*

In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The court must accept the factual allegations contained in the complaint as true, and view the pleadings in the light most favorable to the non-moving party, drawing all reasonable inferences in his favor. *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994). Dismissal under Rule 12(b)(6) is appropriate only if it appears beyond doubt that a plaintiff can prove no set of facts entitling him to relief in support of his claim. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 79 (2d Cir. 2003).

Additionally, this court must construe pro se complaints like Plaintiff's liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000). In order to justify the dismissal of a plaintiff's pro se complaint, it must be beyond doubt that he can prove no set of facts in support of his claim that would entitle him to relief. *Id.* And the above standards apply with particular strictness where, as here, the plaintiff

files a pro se complaint alleging civil rights violations.  *Deravin v. Kerik*, 335 F.3d 195, 200 (2d

Cir. 2003).

Nevertheless, a litigant's exercise of his right to self-representation does not

exempt him from complying with the relevant rules of procedural and substantive law. *Traguth*

*v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Although a court must accept the facts alleged in the

non-movant's complaint, "conclusory allegations of the legal status of the defendants' acts need

not be accepted as true for the purposes of ruling on a motion to dismiss."  *In re Am. Exp. Co.*

*Shareholder Litig.*, 39 F.3d 395, 400 n.3 (2d Cir. 1994).  "[C]ourts do 'not accept conclusory

allegations on the legal effect of the events plaintiff has set out if these allegations do not

reasonably follow from his description of what happened.'"  *First Nationwide Bank v. Gelt*

*Funding Corp.*, 27 F.3d 763, 772 (2d Cir. 1994)  (quoting  *Kadar Corp. v. Milbury*, 549 F.2d

230, 233 (1st Cir. 1977)).  And this rule applies even to a prisoner appearing pro se and

presenting civil rights claims.  See *Nelson v. Michalko*, 35 F. Supp. 2d 289, 292-93 (W.D.N.Y.

1999).

**II.**  ***Plaintiff's Claims Against the Legal Aid Defendants***

    **A.**  ***The Allegations in the Complaint***

The Legal Aid Defendants represented Plaintiff for approximately one month,

from December 2003 to January 2004.  (Compl. ¶¶ 4-5; Legal Aid Defs.' Mot. to Dismiss, Ex.

A.)[1]  After his arraignment, Plaintiff advised an unnamed Legal Aid attorney and the Assistant

---

[1] Although not specified in the Complaint, documents filed in Plaintiff's criminal case in
the state action reveal that the indictment charged Plaintiff with one count of Criminal
Possession of a Controlled Substance in the Second Degree, two counts of Criminal Possession
of a Controlled Substance in the Third Degree, and one count of Criminal Possession of a
Controlled Substance on the Fourth Degree.  *See Foster v. Phillips*, No. 03 CIV 3629, 2005 WL

District Attorney that he wanted to testify before the Grand Jury.  (Compl. ¶ 4.)  Thereafter,

Plaintiff was brought to court and informed that he had already been indicted.  (*Id.*)  At that time,

the unnamed Legal Aid Attorney made an oral application for permission to file a motion to

dismiss the indictment because Plaintiff was not afforded an opportunity to testify before the

Grand Jury, which apparently was not granted.  (*Id.*)  The following day, Plaintiff was brought to

court and met with Schick who advised him not to testify before the Grand Jury, with which

advice Plaintiff disagreed.  (*Id.*)  On December 26, 2003, Schick appeared in court again with

Plaintiff for his arraignment.  (*Id.* ¶ 5.)  On that date, pursuant to Plaintiff's request, Schick filed

a motion to dismiss the indictment on Plaintiffs' behalf.  (Legal Aid Defs.' Mot. to Dismiss, Ex.

A.)  Plaintiff alleges that he told the state judge that he had "five letters . . . about issues of law

that [he] wanted [Schick] to put on the record," but Schick refused.  (Compl. ¶ 5.)  At some

unspecified time, Ahern and Valasquez became Plaintiff's new attorneys.  (*Id.*)

Thereafter, the motion to dismiss the indictment was granted.  (*Id.*)  At the next

court proceeding, the court informed plaintiff that Legal Aid was relieved from representing him

due to a conflict of interest, and the court appointed Tilis, an 18B attorney, to handle Plaintiff's

case from that period forward.[2]  (*Id.*)

### B. *Plaintiff's Claims Against the Legal Aid Defendants are Dismissed*

Title 42 U.S.C. § 1983 provides in relevant part: "Every person who, under color

---

2978686, at *3 (S.D.N.Y. Nov. 7, 2005) ("Moreover, although Rule 12(b)(6) does not give a district court the authority to consider matters outside the pleadings, a court may take judicial notice of documents filed in other courts without converting a motion to dismiss into one for summary judgment under Rule 56.") (citations omitted).

[2] Article 18B of the New York County Law requires the County to have a plan of representation for indigents.  *See* N.Y. County Law § 722 et seq.

of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ." 42 U.S.C. § 1983. Private actors generally cannot be liable under section 1983 unless their allegedly right-infringing conduct is fairly attributable to the State. See *Omnipoint Communications Inc. v. Comi*, 233 F. Supp. 2d 388, 394 (N.D.N.Y. 2002) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Even "[e]xtensive regulation and public funding, either alone or taken together, will not transform a private actor into a state actor; instead, the state must have exerted its coercive power over, or provided significant encouragement to, the defendant before the latter will be deemed a state actor." *Leeds v. Meltz*, 85 F.3d 51, 54 (2d Cir. 1996).

In this spirit, the Supreme Court has held that an appointed counsel in a state criminal prosecution, though paid and indirectly supervised by the State, does not act "under color of state law" in the normal course of conducting a defense. *Tower v. Glover*, 467 U.S. 914, 920 (1984). And the Second Circuit has stated that the Legal Aid Society in particular cannot be said to act under color of state law by virtue of the financial and other benefits that it receives from various governmental agencies, because there is insufficient governmental control, regulation, or interference in the manner in which the Society conducts its affairs. *Lefcourt v. Legal Aid Soc.*, 445 F.2d 1150, 1155 (2d Cir. 1971).

Nonetheless, an otherwise private person or entity, including an appointed defense counsel, can act "under color of state law" if he or she engages in a conspiracy with state officials to deprive a person of his federal rights. *Tower v. Glover*, 467 U.S. at 920. To survive a motion

to dismiss on a Section 1983 conspiracy claim, a plaintiff must allege: (1) an agreement between two or more state actors or between a state actor and a private entity (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal, and causing some harm. *Ciambriello v. County of Nassau*, 292 F.3d 307, 324-25 (2d Cir. 2002). "In addition, complaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct." *Id.* (citations and internal quotation marks omitted).

Here, Plaintiff's pleadings are insufficient to support a conspiracy claim. There are no allegations that the Legal Aid Defendants themselves violated any of Plaintiff's constitutional rights much less a suggestion that they conspired with state actors to harm him. Accordingly, Plaintiff's claims against the Legal Aid Defendants are dismissed.

### III.    *Plaintiff's Claims Against Tilis*

#### A.    *The Allegations in the Complaint*

As noted above, Plaintiff alleges that Tilis was appointed to represent him after the state court relieved Legal Aid. (Compl. ¶ 5.) Plaintiff claims that although Tilis initially got Plaintiff out on bail on some unspecified date, thereafter, on February 27, 2004, Plaintiff appeared with Tilis in court and Plaintiff's request for bail relief was denied. (*Id.*) He further claims that Tilis promised him that "he would set up a hot line to see who saw [Plaintiff] get stripped searched," and that "he would ask the court to appoint [Plaintiff] a private investigator," yet he never did. (*Id.* ¶ 6.) Plaintiff alleges that he "was brought to the grand jury without notification" and that he subsequently told Tilis's partner that he did not want Tilis to represent him anymore.

(*Id.*)  Plaintiff was subsequently arraigned on the second indictment on April 1, 2004.  (*Id.*)  At

that time, he asked the judge to proceed pro se.  (*Id.*)  The judge relieved Tilis and appointed

Cassar.  (*Id.*)

> **B.**      *Plaintiff's Claims Against Tilis are Dismissed*

Tilis is a private attorney.  As noted above, it is well-established that a private

attorney is not a state actor for purposes of section 1983.  The fact that Tilis was appointed as

Plaintiff's counsel pursuant to state law does not change the analysis.  *See Rodriguez v. Weprin*,

116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys

performing a lawyer's traditional functions as counsel to defendant do not act 'under color of

state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

Thus, in order for Plaintiff's claims to survive dismissal, he would have to allege

that Tilis conspired with state actors to deprive him of a federal right.  Here, there are no such

allegations. Accordingly, Plaintiff's claims against Tilis are dismissed.

**IV.**      *Plaintiff's Claims Against Cassar*

> **A.**      *The Allegations in the Complaint*

As noted above, Cassar was appointed once Tilis was relieved.  Plaintiff alleges

that he told Cassar that he wanted to file a motion to dismiss the second indictment but Cassar

stated that  he "kn[e]w that is a popular motion but it will not fly."  (Compl. ¶ 6.)  Plaintiff further

alleges that Cassar "never said anything in court," never came to the jail to discuss Plaintiff's

case, submitted an unidentified motion on Plaintiff's behalf that "was all wrong" that was later

denied in part, and asked the judge to issue an order permitting Plaintiff to spend three hours per

week in the law library which was denied.  (*Id.*)  On May 27, 2004, Plaintiff asked the court to

relieve Cassar so that he could proceed pro se, which application apparently was denied. (*Id.*) Plaintiff alleges that upon his request, Cassar, the Assistant District Attorney, the clerk, and the judge all laughed at him as they nodded their heads. (*Id.*)

**B.** ***Plaintiff's Claims Against Cassar are Dismissed***

For the reasons stated above, Cassar, as a private attorney, is not a state actor under section 1983. Moreover, because Plaintiff's allegations are completely devoid of any allegations of a conspiracy between Cassar and the state defendants to deprive Plaintiff of a federal right, Plaintiffs' claims against Cassar are denied.[3]

**V.** ***Plaintiff's Claims Against the State of New York***

Although Plaintiff names the State of New York as a defendant, the Complaint is utterly devoid of any specific allegations of wrongdoing committed by the State. Accordingly, because Plaintiff has not articulated any misconduct by the State of New York, Plaintiff's claims against the State are dismissed. *See Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987) (noting that complaints that rely on civil rights statutes are insufficient unless "they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning").

Moreover, the Eleventh Amendment bars suits against a state for money damages unless the State has waived its immunity or Congress unequivocally expresses its intent to abrogate that immunity. *See In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004).

---

[3] The only allegation tying Cassar to a state actor is Plaintiff's claims that Cassar, the Assistant District Attorney, the clerk, and the judge all laughed at him as they nodded their heads in agreement regarding Plaintiff's application to proceed pro se. Clearly, this allegation is not sufficient to state a conspiracy to violate Plaintiff's constitutional rights.

Congress, in passing Section 1983, did not disturb the states' Eleventh Amendment immunity.

*See Quern v. Jordan*, 440 U.S. 332, 342 (1979). Therefore, the State of New York cannot be sued

under Section 1983 for money damages and the Complaint against it should be dismissed for this

independent reason.[4]

Finally, to the extent the Complaint can be construed to articulate claims based

upon the actions of any judicial officer, such allegations, even when viewed in the light most

favorable to Plaintiff, are insufficient to pierce the absolute immunity that shields a judge's

actions in presiding over a case properly within his or her jurisdiction. *See DiBlasio v. Novello*,

344 F.3d 292, 296-97 (2d Cir. 2003) ("Absolute immunity is accorded to judges and prosecutors

functioning in their official capacities."). Plaintiff's allegations of a conspiracy do not change the

analysis. *See Pinaud v. County of Suffolk*, 52 F.3d 1139, 1148-49 (2d Cir. 1995) ("'[S]ince

absolute immunity spares the official any scrutiny of his motives, an allegation that an act was

done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith

or with malice, neither of which defeats a claim of absolute immunity.'") (quoting *Dorman v.

Higgins*, 821 F.2d 133, 139 (2d Cir. 1987)). Accordingly, any claims against any of the state

judges who presided over Plaintiff's criminal case would not be viable.

## V. *Leave to Amend*

Rule 15(a) of the Federal Rules of Civil Procedure provides in pertinent part that

leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The

Second Circuit has repeatedly held that "when addressing a pro se complaint, a district 'court

---

[4] Although the Eleventh Amendment does not bar Section 1983 actions against state officials sued in their personal capacities, *see Hafer v. Melo*, 502 U.S. 21, 31 (1991), Plaintiff does not name any State official as a defendant.

should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) (same). Nonetheless, a district court may deny leave to amend where any amendment would be futile. *Foman v. Davis*, 317 U.S. 178 (1962).

After careful review of Plaintiff's allegations, as well as his papers in opposition to the instant motions, the Court finds that any amendment would be futile and therefore denies Plaintiff leave to amend. As for Plaintiff's claims against Legal Aid, Schick, Ahern, and Valasquez, Plaintiff's opposition papers merely mirror his Complaint and offer no new allegations in support of his claims. In his opposing brief, Plaintiff contends that the Legal Aid attorneys failed to read his letters to the court and submitted motions based on the "wrong grounds." Nowhere does Plaintiff even suggest that these attorneys conspired with state actors to deprive him of a federal right. Moreover, although Plaintiff devotes much verbiage to his claims of attorney negligence regarding the filing of his motion to dismiss the first indictment, as Plaintiff concedes, this motion was subsequently granted. Accordingly, the Court finds that any amendment against the Legal Aid Defendants would be futile.

Similarly, Plaintiff's statements in his opposition papers with regard to Tilis and Cassar revolve around their alleged failures to secure him release on bail, to present his materials to the judge, etc. Nowhere does Plaintiff suggest the existence of *any* facts which would support a claim of conspiracy under Section 1983. Indeed, Plaintiff does not even claim generally that these defendants engaged in any sort of conspiracy, much less with state actors.

11

As for Plaintiff's claims against New York State, Plaintiff fails to articulate any wrongdoing whatsoever by the State. Furthermore, as noted above, the Eleventh Amendment provides the State with immunity from suit for damages under section 1983. Finally, to the extent Plaintiff intended to assert claims against the state court judges who presided over his claims, as noted above, these judges are immune from suit.

In sum, because Plaintiff has made no suggestion that he would be able to amend his complaint in a manner that would survive dismissal, the Court denies Plaintiff leave to amend.

### *CONCLUSION*

For all of the reasons stated above, the motions by defendants Legal Aid, Schick, Ahern, Valasquez, Tilis, Cassar, and the State of New York are granted.[5]

**SO ORDERED.**

Dated:   Central Islip, New York
         February 28, 2006              /s_____
                                        Denis R. Hurley
                                        United States District Judge

---

[5] The Court notes that although the remaining defendants, i.e., the Suffolk County defendants, have appeared in this action, it appears from the docket that they have not filed an answer or otherwise responded to the Complaint. Accordingly, they are hereby directed to inform the Court, on or before March 20, 2006, as to their status in this lawsuit.